UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

In Re:

Olivia Marie, Inc.,                                    Bankruptcy Case No. 09-65896
                                                       Hon. Phillip J. Shefferly
        Debtor.                                        Chapter 11
_____/

## COVER SHEET FOR MOTION TO USE

## CASH

## COLLATERAL

The debtor has filed a motion to use cash collateral which is attached to this Cover Sheet. In accordance with E.D. Mich. LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes   ___X__ No | Page ____, ¶ ____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes   __X___ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | __X___ Yes<br><br>_____ No | Pages 8- 9, ¶ 9 |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | __ X__ Yes<br><br>_____ No | Page 2, ¶ E - F<br>Page 3, ¶ G - K<br>Page 4, ¶ L - M |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br><br>___X__ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br><br>___X__ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ___X__ Yes<br><br>_____ No | Page 4-5, ¶ 2 |
| (8) Provisions for the payment of prepetition debt. | ___X__ Yes<br><br>_____ No | Page 4-5, ¶ 2 |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br><br>___X__ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br><br>___X__ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>___X__ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br><br>____X_ No | Page ____, ¶ ____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (16) Provisions that purport to bind a subsequent trustee. | __X_ Yes<br><br>_____ No | Page 8, ¶ 10 |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

Respectfully submitted:
STEVENSON & BULLOCK, P.L.C.

/s/ Charles D. Bullock
Charles D. Bullock (P55550)
Attorney for Debtor
29200 Southfield Rd., Suite 210
Southfield, MI 48076
(248) 423-8200 ext. 224

Dated: August 24, 2009

IN THE MATTER OF:

Olivia Marie, Inc.,                                    Bankruptcy Case No. 09-65896
                                                       Hon. Phillip J. Shefferly
                    Debtor.                             Chapter 11
_____/

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL, GRANTING REPLACEMENT LIENS, AND ORDERING OTHER RELIEF

NOW COMES Debtor Olivia Marie, Inc. ("Debtor") and in support of its Motion for Entry of an Order Authorizing Use of Cash Collateral, Granting Replacement Liens and Ordering other Relief (the "Motion") states as follows:

### INTRODUCTORY STATEMENT REQUIRED BY F.R.BANKR.P. 4001(b)(1)(B):

(1)     **Name of each entity with an interest in the cash collateral:**

        **Answer:**     Capital for Merchants, LLC

                        Faton, Inc. (Disputed)

                        Michigan Department of Treasury

(2)     **The purposes and use of the cash collateral:**

        **Answer:**     Operating expenses must be paid in order to maintain employment of employees, provide adequate protection, acquire inventory for order fulfillment, fulfill obligations, maintain adequate insurance protection, honor lease payments on those retail and warehouse locations that will remain operating, provide maintenance services to these facilities, maintain utilities from being disconnected, and to satisfy allowed Chapter 11 administrative expense claims; whereby, Debtor must obtain use of cash collateral; otherwise, Debtor shall suffer immediate and irreparable harm.

(3)     **The terms, including duration, of the use of the cash collateral:**

        **Answer:**     Without limiting the substance of the Motion, In order to avoid immediate and irreparable harm to the Debtor and the Debtor's Estate, the Debtor must use cash collateral in an amount not to exceed $175,817.00, to pay Capital for

Merchants LLC ("Capital for Merchants" or "Lender") adequate protection, to maintain employment of employees, acquire inventory for order fulfillment, fulfill obligations, maintain adequate insurance protection, honor lease payments on those retail and warehouse locations that will remain operating, provide maintenance services to these facilities, maintain utilities from being disconnected, to satisfy allowed Chapter 11 administrative expense claims, and other immediate operating expenses of the Debtor's business between the Petition Date and the date of the Final Hearing on this matter.

(4) **Any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral or, if no additional adequate protection is proposed, an explanation of why each entity's interest is adequately protected:**

Answer: Debtor's use of cash collateral as provided immediately above will provide adequate protection to Lender by increasing and preserving the value of the business (ongoing inventory purchase and potential new business) for the benefit of the Lender, Debtor and the Estate. (a) Capital for Merchants shall be granted a replacement lien in the same amount, priority and extent as it had pre-petition (the "Adequate Protection Liens"), effective as of the Petition Date, upon all property of the Debtor, including Pre-Petition Collateral, and all replacements and proceeds of Pre-Petition Collateral, to the extent of Capital for Merchants' pre-petition secured claim. Any types of Collateral that do not also constitute Pre-Petition Collateral, or the proceeds and products thereof, shall

only secure and compensate Capital for Merchants for any diminution in the value of its respective Pre-Petition Collateral, any use of cash collateral, and any use of cash between the Petition Date and date of final payment to Capital for Merchants. Capital for Merchants' Adequate Protection Liens in the Pre-Petition Collateral and the Collateral shall constitute valid, enforceable, perfected liens and security interests existing on the Petition Date in the Pre-Petition Collateral in the same amount, priority and extent Capital for Merchants had before the Petition Date;

(b)     Faton, Inc. shall not receive adequate protection or be granted a replacement lien as the security agreement between Faton, Inc. and Debtor was not executed.

(c)  Michigan Department of Treasury, which has a statutory lien, shall be granted a replacement lien in the same amount, priority and extent as it had pre-petition (the "Adequate Protection Liens"), effective as of the Petition Date, upon all property of the Debtor, including Pre-Petition Collateral, and all replacements and proceeds of Pre-Petition Collateral, to the extent of Michigan Department of Treasury pre-petition secured claim. Any types of Collateral that do not also constitute Pre-Petition Collateral, or the proceeds and products thereof, shall only secure and compensate Michigan Department of

Treasury for any diminution in the value of its respective Pre-Petition Collateral, any use of cash collateral, and any use of cash between the Petition Date and date of final payment to Michigan Department of Treasury. Michigan Department of Treasury Adequate Protection Liens in the Pre-Petition Collateral and the Collateral shall constitute valid, enforceable, perfected liens and security interests existing on the Petition Date in the Pre-Petition Collateral in the same amount, priority and extent Michigan Department of Treasury had before the Petition Date.

Operating expenses must be paid in order to maintain Debtor's business; therefore, **Debtor must obtain use of cash collateral; otherwise, Debtor shall suffer immediate and irreparable harm. As a result, Debtors respectfully requests that the Court schedule a hearing on this Motion at the earliest possible date, pursuant to E.D. Mich. LBR 4001-2(d) and (f)(E.D.M.).**

1. On August 20, 2009 (the "<u>Petition Date</u>") Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "<u>Code</u>").

2. Debtor is currently operating as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Code. Currently, Wamidh Bahoora is the responsible person for the debtor-in-possession.

3. No official committee of creditors holding unsecured or any other claims has been appointed in this case.

4. Debtor files this Motion pursuant to F.R.Bankr.P.4001(b), 11 U.S.C. §363, and E.D. Mich. LBR 4001-2(a)(E.D.M.).

5. This court has jurisdiction over the matters relating to this Motion pursuant to 28 U.S.C. §1334(a) and E.D. Mich. LR 150.1(a). This is a core matter pursuant to 28 U.S.C. §157(b)(2)(M).

6. Debtor operates a retail showroom for contemporary and modern furniture at 32968 Woodward Ave, Royal Oak, Michigan.

### Nature of Debt and Underlying Facts

7. Before the Petition Date, Debtor entered into a receivables purchase agreement (the "Obligation") in favor of Capital for Merchants, LLC. As of the date of this Order, the Obligations are described as: Receivables Purchase Agreement ("Purchase Agreement") dated July 23, 2008.

8. Debtor believes that repayment of the Obligation of the Debtor to Capital for Merchants was secured by liens upon substantially all of the Debtor's assets (collectively, the "Collateral"), as more fully described in the Agreement dated July 24, 2008 (the "Security Agreement"). When collected, liquidated or otherwise reduced to cash, the proceeds will constitute cash collateral, pursuant to the Security Agreement and other Loan Documents.

9. As of the Petition Date, according to Debtor's records, the principal portion of the indebtedness owed by the Debtor to Capital for Merchants was $63,000.00, subject to Debtor and Capital for Merchants' regular reconciliations, and exclusive of interest accruing both before and after the Petition Date, attorneys' fees, costs, and charges. Debtor does not presently dispute the indebtedness owing to Capital for Merchants.

10. As of date of this Motion, Debtor believes the Debtor's Indebtedness to Capital for Merchants (i) constitutes a valid and binding obligation without offset, recoupment, counterclaim, deduction, defense or claim of any kind, (ii) constitutes an allowed claim against the estate without the need for the filing of a proof of claim or any other document or paper, and (iii) are secured by liens and security interests granted by the Debtor to Capital for Merchants (the "Pre-Petition Collateral").

11. As of date of this Motion, Debtor believes Capital for Merchants' properly perfected security interests in the Pre-Petition Cash Collateral constitutes a valid, enforceable, first priority security interest in Debtor's assets which is unavoidable in this Case or otherwise.

12. Before the Petition Date, Faton, Inc. did not provide any funds to the Debtor, nor did the Debtor execute a security agreement with Faton, Inc.

13. As of date of this Motion, Debtor believes there is no indebtedness to Faton, Inc.

14. As of date of this Motion, Debtor believes Faton, Inc's does not have a properly perfected security interest in its collateral which constitutes a valid, enforceable, first priority security interest in all of the Faton, Inc collateral in this Case or otherwise.

15. Before the Petition Date, the Michigan Department of Treasury filed a statutory lien on Debtor's property.

16. As of the date of this Motion, Debtor believes the indebtedness to the Michigan Department of Treasury is due for past sales tax in the amount of $26,000.00

## Request for Use of Cash Collateral

17. Debtor believes that that it will be able to maintain a positive cash flow during this bankruptcy proceeding, based on the conservative financial projections attached hereto and incorporated as if set forth more fully herein as Exhibit 2.

18. Debtor will be able to provide Capital for Merchants and Michigan Department of Treasury with adequate protection through continuing operations, payment, and through the replacement liens being offered below. See, e.g., Matter of Pursuit Athletic Footwear, Inc., 193 B.R. 713 (Bankr.D.Del.1996).[1]

19. Debtor submits that there has been no post-petition diminution in the value of the collateral.

20. Debtor represents that, to avoid immediate and irreparable harm to the Debtor and the Debtor's estate, the Debtor must use cash collateral in an amount not to exceed $175,817.00, to pay Capital for Merchants, LLC adequate protection, to maintain employment of employees, acquire inventory for order fulfillment, fulfill obligations, maintain adequate insurance protection, honor lease payments on those retail and warehouse locations that will remain operating, provide maintenance services to these facilities, maintain utilities from being disconnected, to satisfy allowed Chapter 11 administrative expense claims, and other immediate operating expenses of the Debtor's business between the Petition Date and the date of the Final Hearing on this matter (as defined in Paragraph 16 of the proposed Order attached hereto as Exhibit 1).

## Adequate Protection and Distributions

21. Debtor's use of cash collateral as provided immediately above will provide adequate protection to Capital for Merchants by increasing and preserving the value of Debtor's business.

22. As adequate protection for any secured interests of Capital for Merchants in the cash collateral of the Debtor and to the extent that the Debtor uses such cash collateral post-petition and do not replace the same, Debtor offers replacement liens in all types and descriptions of collateral which are created, acquired or arise after the Petition Date,

---

[1] In Pursuit Athletic Footwear, the court found that credible projections of post-petition operating profits provided the secured creditor with adequate protection. 193 B.R. at 717-718.

including new accounts receivable and inventory.[2]   Capital for Merchants shall be paid $2,000.00 monthly by Debtor.

23.   As adequate protection for any secured interests of Michigan Department of Treasury in the cash collateral of the Debtor and to the extent that the Debtor uses such cash collateral post-petition and do not replace the same, Debtor offers replacement liens in all types and descriptions of collateral which are created, acquired or arise after the Petition Date, including new accounts receivable and inventory.[3]   Michigan Department of Treasury shall be paid $500.00 monthly by Debtor.

24.   On the basis of the adequate protection submitted above, Debtor submits that it should be granted authority to use cash collateral.  Debtor submits that without authority to use cash collateral, it will suffer immediate and irreparable harm that would be detrimental to the interests of the Estate and to all the creditors, including Capital for Merchants and Michigan Department of Treasury.

25.   The entry of an order authorizing Debtor's use of cash collateral and granting adequate protection will minimize disruption of the Debtor's businesses and will maximize the value of the Debtor's assets for the benefit of all creditors, including Capital for Merchants and Michigan Department of Treasury; therefore, such use of cash collateral in the best interests of the Estate and creditors of the Estate.

## Terms and Conditions Believed Required

26.   Capital for Merchants, Inc. and Michigan Department of Treasury have not given final approval to the terms of the proposed cash collateral order attached hereto as Exhibit 1; however, Debtor believes that as of the time of the first scheduled hearing on this matter the parties will have agreed to the entry of the proposed cash collateral order attached hereto as Exhibit 1.

27.   Until paid in full, Debtor shall permit Capital for Merchants and Michigan Department of Treasury, or its designee to audit the books and records of the Debtor at all times reasonably requested, and to make copies of the books and records or extracts and access the Debtor's premises at any time during normal business hours, with forty eight (48)

---

[2] To the extent that this court determines that any other creditor has an interests in Cash Collateral, Debtors will offer that creditor substantially the same treatment offered in this Motion. The priority of Replacement liens provided to such creditor, if any, shall remain consistent with the priority of the lien held by that creditor prior to the Petition Date.

[3] To the extent that this court determines that any other creditor has an interests in Cash Collateral, Debtors will offer that creditor substantially the same treatment offered in this Motion. The priority of Replacement liens provided to such creditor, if any, shall remain consistent with the priority of the lien held by that creditor prior to the Petition Date.

hour prior notice being provided to the Debtor's counsel, to audit any aspect of the Debtor's business or affairs, all such audits to be conducted as are reasonably necessary to inform Capital for Merchants and Michigan Department of Treasury of the financial affairs of the Debtor and the Collateral. Each of the following events shall constitute an Event of Default hereunder to Capital for Merchants and Michigan Department of Treasury:

(a)      If any warranty or representation by the Debtor to Capital for Merchants and Michigan Department of Treasury is false or misleading in any material respect.

(b)      If an order is entered dismissing this Case, converting the Case to a case under Chapter 7 of the code, appointing an examiner to perform any duties of a trustee or debtor other than those set forth in Section 1106(a)(3) or (4) of the Code, or terminating the authority of the Debtor to conduct business.

(c)      If the Debtor violates any provision of this Order, any other order of this Court, or if a material default shall occur under the Notice of Operating Instructions and Reporting Requirements of the United States Trustee for Chapter 11 Trustees and Debtors in Possession, or the Loan Documents as modified herein.

(d) If any material adverse change in the business or financial condition of the Debtor occurs.

28.      Upon the occurrence of an Event of Default under this Order, Capital for Merchants or and Michigan Department of Treasury may file an Affidavit of Event(s) of Default with the Court, setting forth the Event(s) of Default under this Order, and it shall serve such Affidavit of Event(s) of Default upon the Debtor's counsel, whereupon the Debtor shall immediately cease using cash collateral, and shall segregate and account for all cash collateral then or thereafter coming into the Debtor's possession, custody or control for the benefit of Capital for Merchants and Michigan Department of Treasury. The Affidavit of Event(s) of Default shall also be served on counsel for any other secured creditor, the U.S. Trustee, Creditors' Committee (if and when formed) and any other

signers of this Order. Debtor may request that the Court conduct a hearing, such request to be made by the Debtor by not later than the seventh (7th) business day following receipt of the Affidavit of Event(s) of Default by the Debtor's counsel, Capital for Merchants, Michigan Department of Treasury, and the Debtor agree that such hearing shall be set within three (3) business days after the Debtor makes such a request or at the Court's earliest convenience.

29.     In the event (i) a timely objection is filed, but the Court finds at a hearing to be scheduled promptly, upon notice to Capital for Merchants and Michigan Department of Treasury that one or more Event of Default has occurred and the default has not been cured, or (ii) a timely objection is not filed, then, in either event, the automatic stay provided by Section 362 of the Code shall be deemed terminated as to Capital for Merchants and Michigan Department of Treasury, and Capital for Merchants and Michigan Department of Treasury shall immediately be free to exercise its collection rights available to it under its Loan Documents, this Order, or applicable law, without any further order of this Court, and may, but is under no obligation to, request the entry of an *ex parte* order confirming the termination of the automatic stay provided by this Court, such request to be made by the submission by Capital for Merchants or Michigan Department of Treasury to this Court of such an order on an *ex parte* basis.

30.     The provisions of the proposed Order which is attached hereto as Exhibit 1 shall be binding upon and inure to the benefit of Capital for Merchants, Michigan Department of Treasury, Debtor and their respective successors and assigns, including, but not limited to, any trustee hereafter appointed as a representative of the estate herein.

31.     Capital for Merchants and Michigan Department of Treasury shall not be required to file or record any financing statement, whether for informational purposes or otherwise, mortgage or any other document in any jurisdiction or take any other action to

validate, perfect or continue its interest in the Collateral, the Pre-Petition Collateral or any proceeds or products of any of the foregoing, including, without limitation, accounts generated from the sale or other disposition thereof; however, if Capital for Merchants or Michigan Department of Treasury shall, in its sole discretion, choose to file or record a financing statement, mortgage or other document in any public record or in any jurisdiction, it is authorized to effect such filing or recordation.

32.    Debtor believes that it has notified all creditors holding secured claims of record, all other entities known, or discoverable after reasonable investigation by the Debtor to claim an interest in cash collateral, the creditors included on the list filed pursuant to Fed.R.Bankr.P.1007(d), and the United States Trustee, as set forth in a proof of service filed  in this Case, of the time and date of the Preliminary Hearing.  Such notice is appropriate and adequate under the circumstances. Consequently, adequate notice and opportunity for a hearing has been given in accordance with the provisions of Sections 102, 361 and 363 of the Code and Fed.R.Bankr.P. 2002, 4001, 6007 and 9014, and E.D. Mich. LBR 4001-2 (E.D.M.), and any other applicable law, and no further notice relating to this matter is necessary or required.

33.    No previous motion for the requested relief has been made to this court.

34.    Pursuant to E.D. Mich. LBR 9014-1(g)(E.D.M.), Debtor is attempting to obtain concurrence to the relief requested.

**WHEREFORE**, Debtor respectfully requests this Honorable Court enter the proposed Order attached as Exhibit A authorizing the Debtor to use cash collateral as set forth in this Motion, Granting the adequate protection requested in this Motion and granting such further relief as is just and equitable to Debtor and the Estate.

Signature line on following page.

Respectfully submitted:
STEVENSON & BULLOCK, P.L.C.

/s/ Charles D. Bullock
Charles D. Bullock (P55550)
Attorney for Debtor
29200 Southfield Rd., Suite 210
Southfield, MI 48076
(248) 423-8200 ext. 224

Dated:   August 24, 2009

STATE OF MICHIGAN    )
                     )SS.
COUNTY OF OAKLAND )

     I, Wamidh Bahoora, hereby attest, swear and declare under oath that the information set forth and provided in this Motion is a true and accurate to the best of my knowledge.  I have assisted in the preparation of this Motion and have provided the factual recitations and granted final approval to the filing of this Motion.

/s/ Wamidh Bahoora

Subscribed and sworn to before me this 24th day of August, 2009.

/s/ Michael Alexander Stevenson
Notary Public
Oakland County, Michigan
My commission expires:   November 6, 2012

Michael Alexander Stevenson
Notary Public of Michigan
Oakland County
Expires 11/06/2012
Acting in the County of Oakland

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Olivia Marie, Inc.,

Bankruptcy Case No. 09-65896
Hon. Phillip J. Shefferly
Chapter 11

     Debtor.

---

### INTERIM ORDER AUTHORIZING DEBTOR'S
### USE OF CASH COLLATERAL, GRANTING REPLACEMENT LIENS, AND
### ORDERING OTHER RELIEF

By motion dated August 24, 2009 (the "Motion"), Olivia Marie Inc. ("Debtor") moved this Court for the entry of this Order in this Chapter 11 case (the "Case"). Pursuant to Fed.R.Bankr.P. 4001(d) and E.D. Mich. L.B.R. 4001-2 (E.D.M.), notice of the Motion was given, and a preliminary hearing ("Preliminary Hearing") was held before this Court on _____, 2009.

Upon review and consideration of the papers filed with this Court and the evidence presented at the Preliminary Hearing; and,

The Court having considered the foregoing, and sufficient cause appearing therefor;

The Court hereby finds, as follows:

A.    On August 20, 2009 (the "Petition Date") a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Code")[1] was filed by the Debtor.

B.    Debtor is in possession of its assets, and has continued to operate and manage its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Code.

C.    No committee of creditors holding unsecured claims (the "Committee") or any other committee has been appointed in this Case, pursuant to 11 U.S.C. §1102, or otherwise.

---

[1]    All section references are to the Bankruptcy Code unless otherwise noted.

D. Before the Petition Date, the Debtor entered into an agreement (the "Obligations"), described below (the "Security Agreement"), in favor of Merchant for Capital. As of the date of this Order, the Obligations are described as: Receivables Purchase Agreement dated July 23, 2008.

E. Repayment of Obligations of the Debtor to Capital for Merchants, LLC was secured by liens upon substantially all of the Debtor's assets (collectively, the "Collateral"), as more fully described in the Agreement dated as of July 24, 2008 (the "Security Agreement"). When collected, liquidated or otherwise reduced to cash, the proceeds will constitute cash collateral, pursuant to the Security Agreement.

F. As of the Petition Date, according to Debtor's records, the principal portion of the indebtedness owed by the Debtor to Capital for Merchants, LLC was $63,000.00, subject to Debtor and Capital for Merchants, LLC regular reconciliations, and exclusive of interest accruing both before and after the Petition Date, attorneys' fees, costs, and charges. Debtor does not presently dispute the indebtedness owing to Capital for Merchants, LLC.

G. Debtor admits that Debtor's Indebtedness to Capital for Merchants, LLC (i) constitute valid and binding obligations without offset, recoupment, counterclaim, deduction, defense or claim of any kind, (ii) constitute allowed claims against the estate without the need for the filing of a proof of claim or any other document or paper, and (iii) are secured by liens and security interests granted by the Debtor to Capital for Merchants, LLC (the "Pre-Petition Collateral").

H. Debtor admits Capital for Merchants, LLC's possess a properly perfected security interests in the Pre-Petition Collateral constitute valid, enforceable, first priority security interests, which are unavoidable in this Case or otherwise.

2

I.      Before the Petition Date, the Debtor owed Michigan Department of Treasury $26,000.00 for accrued sales tax liability.

J.      The Michigan Department of Treasury asserts a lien against all assets of the Debtor arising from its approximate $26,000.00 claim against the Debtor.

K.      Debtor does not presently dispute the indebtedness owing to the Michigan Department of Treasury.

L.      Debtor admits the claims of Michigan Department of Treasury (i) constitute valid and binding obligations subject to offset, recoupment, counterclaim, deduction, defense or claim of any kind, (ii) constitute allowed claims against the estate without the need for the filing of a proof of claim or any other document or paper, and (iii) are secured by liens and security interests granted by the Debtor to True Fitness.

M.      Debtor admits the Michigan Department of Treasury properly perfected security interest in its collateral constitutes a valid, enforceable, secured interest in all of the Debtor's assets, which is unavoidable in this Case or otherwise.

N.      Debtor represents that, to avoid immediate and irreparable harm to the Debtor and the Debtor's estate, the Debtor must use cash collateral in an amount not to exceed $175,817.00, to pay Capital for Merchants, LLC and Michigan Department of Treasury adequate protection, to maintain employment of employees, acquire inventory for order fulfillment, fulfill obligations, maintain adequate insurance protection, honor lease payments on those retail and warehouse locations that will remain operating, provide maintenance services to these facilities, maintain utilities from being disconnected, to satisfy allowed Chapter 11 administrative expense claims, and other immediate operating expenses of the Debtor's business between the Petition Date and the date of the Final Hearing on this matter.

3

O.     Debtor has notified all creditors holding secured claims of record, all other entities known, or discoverable after reasonable investigation by the Debtor, to claim an interest in cash collateral, the creditors included on the list filed pursuant to Fed.R.Bankr.P.1007(d), and the United States Trustee, as set forth in a proof of service filed in this Case, of the time and date of the Preliminary Hearing.  Such notice is appropriate and adequate under the circumstances. Consequently, adequate notice and opportunity for a hearing has been given in accordance with the provisions of Sections 102, 361 and 363 of the Code and Fed.R.Bankr.P. 2002, 4001, 6007 and 9014, and E.D. Mich. LBR 4001-2 (E.D.M.), and any other applicable law, and no further notice relating to this matter is necessary or required.

P.     This Order is entered in a "core" proceeding within the meaning of 28 U.S.C. §157; this Court has jurisdiction over these proceedings and the parties and the property affected hereby pursuant to 28 U.S.C. §§1334 and 157(b); and this Order shall become effective immediately upon its entry.

Accordingly, IT IS ORDERED:

1.     The Motion is GRANTED.  Debtor is authorized to use cash collateral generated in the ordinary course of its business, subject to the terms, conditions and limitations set forth in this Order.

2.     Debtor may use cash collateral for necessary operating expenses and in the amounts described in the budget attached to the underlying Motion as Exhibit 2, as may be modified, supplemented, or extended from time to time upon the written agreement of the Debtor, Capital for Merchants, LLC and the Michigan Department of Treasury (as so modified, supplemented or extended, the "Budget").  If this Order continues as a final order, the Debtor is authorized to use cash collateral to pay necessary operating expenses, which include: payment of

4

current taxes incurred after the Petition Date; personal property taxes (whether incurred before or after the Petition Date); unpaid withholding taxes for the last two (2) pay periods before and pay periods after the Petition Date; wages and salaries; professional fees, subject to appropriate Court approval; rent; supplies and materials; insurance premiums; necessary maintenance; utilities; and, other ordinary course charges necessary for the Debtor's operations, including the fees required by 28 U.S.C. §1930.

3. Capital for Merchants, LLC is hereby granted a replacement lien in the same amount, priority and extent as it had pre-petition (the "Adequate Protection Liens"), effective as of the Petition Date, upon all property of the Debtor, including the Pre-Petition Collateral, and all replacements and proceeds of the Pre-Petition Collateral, to the extent of their pre-petition secured claim. Any types of Collateral that do not also constitute Pre-Petition Collateral, or the proceeds and products thereof, shall only secure and compensate Capital for Merchants, LLC for any diminution in the value of its respective Pre-Petition Collateral, any use of cash collateral, and any use of cash between the Petition Date and date of final payment to Capital for Merchants, LLC. Capital for Merchants, LLC's Adequate Protection Liens in the Pre-Petition Collateral and the Collateral shall constitute valid, enforceable, perfected liens and security interests existing on the Petition Date in the Pre-Petition Collateral in the same amount, priority and extent Capital for Merchants, LLC had before the Petition Date.

4. The Michigan Department of Treasury is hereby granted a replacement lien in the same amount, priority and extent as it had pre-petition (the "Adequate Protection Liens"), effective as of the Petition Date, upon all property of the Debtor, including the Pre-Petition Collateral, and all replacements and proceeds of the Pre-Petition Collateral, to the extent of their pre-petition secured claim. Any types of Collateral that do not also constitute Pre-Petition

Collateral, or the proceeds and products thereof, shall only secure and compensate the Michigan Department of Treasury for any diminution in the value of its respective Pre-Petition Collateral, any use of cash collateral, and any use of cash between the Petition Date and date of final payment to the Michigan Department of Treasury. The Michigan Department of Treasury's Adequate Protection Liens in the Pre-Petition Collateral and the Collateral shall constitute valid, enforceable, perfected liens and secured interests existing on the Petition Date in the Pre-Petition Collateral in the same amount, priority and extent the Michigan Department of Treasury had before the Petition Date.

5.       Debtor shall pay $2,000.00 to Capital for Merchants, LLC, on or before the first business day of each month for adequate protection.

6.       Debtor shall pay $500.00 to Michigan Department of Treasury on or before the first business day of each month for adequate protection.

7.       Debtor shall permit Capital for Merchants, LLC, the Michigan Department of Treasury, or its designee to audit the books and records of the Debtor at all times reasonably requested, and to make copies of the books and records or extracts and permit Capital for Merchants, LLC, the Michigan Department of Treasury, or its designee to access the Debtor's premises at any time during normal business hours, with forty eight (48) hour prior notice being provided to the Debtor's counsel, to audit any aspect of the Debtor's business or affairs, all such audits to be conducted as are reasonably necessary to inform Capital for Merchants, LLC and/or the Michigan Department of Treasury of the financial affairs of the Debtor and the Collateral. Each of the following events shall constitute an Event of Default hereunder to Capital for Merchants and the Michigan Department of Treasury:

(a)      If any warranty or representation by the Debtor to Capital for Merchants and Michigan Department of Treasury is false or misleading in any material respect.

(b)      If an order is entered dismissing this Case, converting the Case to a case under Chapter 7 of the code, appointing an examiner to perform any duties of a trustee or debtor other than those set forth in Section 1106(a)(3) or (4) of the Code, or terminating the authority of the Debtor to conduct business.

(c)      If the Debtor violates any provision of this Order, any other order of this Court, or if a material default shall occur under the Notice of Operating Instructions and Reporting Requirements of the United States Trustee for Chapter 11 Trustees and Debtors in Possession, or the Loan Documents as modified herein.

(d)  If any material adverse change in the business or financial condition of the Debtor occurs.

8.      Upon the occurrence of an Event of Default under this Order, Capital for Merchants or and Michigan Department of Treasury may file an Affidavit of Event(s) of Default with the Court, setting forth the Event(s) of Default under this Order, and it shall serve such Affidavit of Event(s) of Default upon the Debtor's counsel, whereupon the Debtor shall immediately cease using cash collateral, and shall segregate and account for all cash collateral then or thereafter coming into the Debtor's possession, custody or control for the benefit of Capital for Merchants and Michigan Department of Treasury. The Affidavit of Event(s) of Default shall also be served on counsel for any other secured creditor, the U.S. Trustee, Creditors' Committee (if and when formed) and any other signers of this Order. Debtor may request that the Court conduct a hearing, such request to be made by the Debtor by not later than the seventh (7th) business day following receipt of the Affidavit of Event(s) of Default by the Debtor's counsel, Capital for Merchants,

Michigan Department of Treasury, and the Debtor agree that such hearing shall be set within three (3) business days after the Debtor makes such a request or at the Court's earliest convenience.

9.      In the event (i) a timely objection is filed, but the Court finds at a hearing to be scheduled promptly, upon notice to Capital for Merchants and Michigan Department of Treasury that one or more Event of Default has occurred and the default has not been cured, or (ii) a timely objection is not filed, then, in either event, the automatic stay provided by Section 362 of the Code shall be deemed terminated as to Capital for Merchants and Michigan Department of Treasury, and Capital for Merchants and Michigan Department of Treasury shall immediately be free to exercise its collection rights available to it under its Loan Documents, this Order, or applicable law, without any further order of this Court, and may, but is under no obligation to, request the entry of an *ex parte* order confirming the termination of the automatic stay provided by this Court, such request to be made by the submission by Capital for Merchants or Michigan Department of Treasury to this Court of such an order on an *ex parte* basis.

10.      The provisions of this Order shall be binding upon and inure to the benefit of Merchants for Capital, LLC, the Michigan Department of Treasury, Debtor and their respective successors and assigns, including, but not limited to, any trustee hereafter appointed as a representative of the estate herein.

11.      Debtor is authorized to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements which Capital for Merchants, LLC or the Michigan Department of Treasury may reasonably require and/or which may otherwise be

deemed necessary by Capital for Merchants, LLC or the Michigan Department of Treasury to effectuate the terms, conditions and purposes of this Order.

12.     Within two (2) business days after the date upon which Debtor's counsel receives a true copy of this Order, Debtor shall serve, or cause to be served, a copy of the Motion with its attachments (unless it has already been served) and this Order upon (a) all creditors holding secured claims of record, (b) all other entities known, or discoverable after reasonable investigation by Debtor, to claim any interest in cash collateral,  (c) any Committee of creditors appointed pursuant to Section 1102 of the Code or, if no Committee has been appointed, the creditors included on the list filed pursuant to Fed.R.Bankr.P. 1007(d), and (e) the United States Trustee.  Objections to this Order must be filed by _____, 2009, except that the Committee may file objections within twenty (20) days of its formation.  Any objection to the continued effectiveness of this Order shall be in writing and shall be filed with the Court and served upon the Debtor, in care of its counsel, Charles D. Bullock, Stevenson & Bullock, PLC, 29200 Southfield Road, Suite 210, Southfield, Michigan 48076 (facsimile number (248) 423-8201), and JPMorgan Chase, in care of _____.  If an objection is timely filed and served, a final hearing will be held on _____, 2009 at _____ (the "Final Hearing"), a date which is no fewer than five (5) days from the objection cutoff date, as the same may be adjourned or continued by the Court, 19th Floor, 211 W. Fort Street, Detroit, Michigan.  If no objection is timely filed and served then this Order shall be deemed a final order.

13.     Absent an earlier Event of Default or further order of the Court, the Debtor is authorized to use cash collateral on the terms and conditions set forth herein until the Final Hearing (the "Termination Date"), unless the date is extended in a writing signed by Capital for

Merchants, LLC, the Department of Treasury and the Debtor. The remaining terms and provisions of this Order shall survive termination and remain in full force and effect beyond the Termination Date. If any such extension is granted, neither the Debtor nor Capital for Merchants, LLC, or the Michigan Department of Treasury will be required to obtain (but may, if Capital for Merchants, LLC or the Michigan Department of Treasury so desires) any further order of this Court implementing such extension, unless the Committee, if any (or otherwise, the Office of the United States Trustee), will not stipulate to such an extension. Any extension which is stipulated to by Capital for Merchants, LLC, Michigan Department of Treasury, Debtor and the Committee, if any (or otherwise the Office of the United States Trustee), shall be governed by and subject to all terms of this Order (as modified or amended by the extension) as if its term included any extension granted.

14.     From the Petition Date until the earlier of (a) the Final Hearing or (b) the date upon which this Order becomes a final order without conducting the Final Hearing (if no objections are timely filed and served), Debtor shall use only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate. In no event shall cash disbursements from the Petition Date until the earlier of (a) the Final Hearing or (b) the date upon which this Order becomes a final order without conducting the Final Hearing (if no objections are timely filed and served) exceed the sum of $175,817.00, plus any sums paid to Capital for Merchants, LLC or the Michigan Department of Treasury as adequate protection, in the aggregate.

09-65896-pjs    Doc 6    Filed 08/24/09    Entered 08/24/09 19:22:33    Page 25 of 28

# EXHIBIT 2

Olivia Marie LLC d/b/a Italmoda
Projected Budget (Weekly based on 4.33 week month)

| | Week 1 | Week 2 | Week 3 | Week 4 | Total |
|---|---|---|---|---|---|
| Sales ~ new | $ 22,000 | $ 33,000 | $ 22,000 | $ 33,000 | $ 110,000 |
| Sales ~ deposits paid | 15,000 | 22,500 | 15,000 | 22,500 | 75,000 |
| | ---------------- | ---------------- | ---------------- | ---------------- | ---------------- |
| Gross new sales / completed sales | 37,000 | 55,500 | 37,000 | 55,500 | 185,000 |
| | ---------------- | ---------------- | ---------------- | ---------------- | ---------------- |
| Cost of sales ~ new | 11,000 | 16,500 | 11,000 | 16,500 | 55,000 |
| Cost of sales ~ deposit | 18,750 | 18,750 | 18,750 | 18,750 | 75,000 |
| Shipping & Delivery Expense | 370 | 555 | 370 | 555 | 1,850 |
| | ---------------- | ---------------- | ---------------- | ---------------- | ---------------- |
| Cost of sales | 30,120 | 35,805 | 30,120 | 35,805 | 131,850 |
| | ---------------- | ---------------- | ---------------- | ---------------- | ---------------- |
| Gross Profit | 6,880 | 19,695 | 6,880 | 19,695 | 53,150 |
| | ---------------- | ---------------- | ---------------- | ---------------- | ---------------- |
| General & administrative expenses: | | | | | |
| Payroll | | | | | |
|   Bill Bahoora | 1,000 | 1,000 | 1,000 | 1,000 | 4,000 |
|   Chris Bahoora | 1,000 | 1,000 | 1,000 | 1,000 | 4,000 |
|   Martina | 647 | 720 | 647 | 720 | 2,733 |
| Employer portion payroll taxes (est @ 11%) | 291 | 299 | 291 | 299 | 1,181 |
| Post Petition Retainer (legal) | | 5,000 | | | 5,000 |
| Restructuring Officer | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 |
| Secured Creditor | | | | 2,500 | 2,500 |
| Auto Insurance | 111 | 111 | 111 | 111 | 442 |
| Building & Liability Insurance | 42 | 42 | 42 | 42 | 169 |
| Worker's Compensation Insurance | 24 | 24 | 25 | 24 | 97 |
| Rent ~ warehouse | 250 | 250 | 250 | 250 | 1,000 |
| Rent ~ store | 1,097 | 1,097 | 1,097 | 1,097 | 4,388 |
| Electricity | 277 | 277 | 277 | 277 | 1,109 |
| Trash pick-up | 7 | 7 | 7 | 7 | 28 |
| Telephone | 81 | 81 | 81 | 81 | 323 |
| Cell Phone | 114 | 114 | 114 | 114 | 457 |
| Auto Lease | 535 | 535 | 535 | 535 | 2,139 |
| Michigan Business Tax | 299 | 323 | 364 | 283 | 1,269 |
| Personal Property Taxes | 13 | 13 | 13 | 13 | 50 |
| Bank Fees | 23 | 23 | 23 | 23 | 92 |
| Credit Card Processing Fees | 330 | 495 | 330 | 495 | 1,650 |
| Advertising Expense | 508 | 577 | 693 | 462 | 2,240 |
| Office Supplies & Stationery | 220 | 330 | 220 | 330 | 1,100 |
| | ---------------- | ---------------- | ---------------- | ---------------- | ---------------- |
| Total general & admin expenses | 8,868 | 14,318 | 9,118 | 11,662 | 43,967 |
| | ---------------- | ---------------- | ---------------- | ---------------- | ---------------- |
| Net income (loss) | $ (1,988) | $ 5,377 | $ (2,238) | $ 8,033 | $ 9,183 |

Olivia Marie LLC d/b/a Italmoda
Projected Budget (Based on 4.33 week month)

| | Month 1 | Month 2 | Month 3 | Month 4 |
|---|---|---|---|---|
| Sales ~ new | $ 110,000 | $ 125,000 | $ 150,000 | $ 100,000 |
| Sales ~ deposits paid | 75,000 | 75,000 | 75,000 | 75,000 |
| Gross new sales / completed sales | 185,000 | 200,000 | 225,000 | 175,000 |
| Cost of sales ~ new | 55,000 | 62,500 | 75,000 | 50,000 |
| Cost of sales ~ deposit | 75,000 | 75,000 | 75,000 | 75,000 |
| Shipping & Delivery Expense | 1,850 | 2,000 | 2,250 | 1,750 |
| Cost of sales | 131,850 | 139,500 | 152,250 | 126,750 |
| Gross Profit | 53,150 | 60,500 | 72,750 | 48,250 |
| **General & administrative expenses:** | | | | |
| Payroll | | | | |
|   Bill Bahoora | 4,330 | 4,330 | 4,330 | 4,330 |
|   Chris Bahoora | 4,330 | 4,330 | 4,330 | 4,330 |
|   Martina | 2,898 | 2,998 | 3,164 | 2,831 |
| Employer portion payroll taxes (est @ 11%) | 1,271 | 1,282 | 1,301 | 1,264 |
| Post Petetion Retainer (legal) | 5,000 | 5,000 | 5,000 | 5,000 |
| Restructuring Officer | 8,660 | 8,660 | 8,660 | 8,660 |
| Secured Creditor | 2,500 | 2,500 | 2,500 | 2,500 |
| Auto Insurance | 479 | 479 | 479 | 479 |
| Building & Liability Insurance | 183 | 183 | 183 | 183 |
| Worker's Compensation Insurance | 104 | 105 | 106 | 103 |
| Rent ~ warehouse | 1,083 | 1,083 | 1,083 | 1,083 |
| Rent ~ store | 4,750 | 4,750 | 4,750 | 4,750 |
| Electricity | 1,200 | 1,200 | 1,200 | 1,200 |
| Trash pick-up | 30 | 30 | 30 | 30 |
| Telephone | 350 | 350 | 350 | 350 |
| Cell Phone | 495 | 495 | 495 | 495 |
| Auto Lease | 2,315 | 2,315 | 2,315 | 2,315 |
| Michigan Business Tax | 1,295 | 1,400 | 1,575 | 1,225 |
| Personal Property Taxes | 55 | 55 | 55 | 55 |
| Bank Fees | 100 | 100 | 100 | 100 |
| Credit Card Processing Fees | 1,200 | 1,200 | 1,200 | 1,200 |
| Advertising Expense | 2,200 | 2,500 | 3,000 | 2,000 |
| Office Supplies & Stationery | 1,100 | 1,250 | 1,500 | 1,000 |
| Total general & admin expenses | 45,927 | 46,594 | 47,705 | 45,483 |
| Net income (loss) | $ 7,223 | $ 13,906 | $ 25,045 | $ 2,767 |