UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Olivia Marie, Inc.,

      Debtor.
_____/

Case No. 09-65896
Chapter 11
Hon. Phillip J. Shefferly

### ORDER REGARDING PRELIMINARY APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT

On August 20, 2009, the Debtor filed its Chapter 11 case. On February 9, 2010, the Debtor filed a combined Chapter 11 plan of reorganization and disclosure statement (docket entry no. 91). The Court has reviewed it and has determined that there is additional information that must be included in the disclosure statement before the Court will grant it preliminary approval. Specifically, the Debtor's disclosure statement needs to be revised in the following respects:

1. The amount of the allowed claim of Capital for Merchants is unclear. On page 9, under "Voting Class I - Secured Claim of Capital of Merchants," the disclosure statement indicates the amount of the allowed secured claim of Capital for Merchants is $56,000.00. However, on page 27, under "Classes of Secured Claims," the disclosure statement states that "Capital for Merchants possesses a secured claim in the approximate amount of $663,265.15." Further, on page 38, under "Summary of Creditors and Claims," Capital for Merchants is shown as being listed on the "Bankruptcy Schedules" for $3,779.84, with a proof of claim having been filed in the amount of $63,265.15. The figures regarding the allowed amount of Capital for Merchants' secured claim and unsecured claim are inconsistent and need to be clarified.

2. On page 10, under "Voting Class IV - Allowed Unsecured Creditors," the disclosure statement sets forth the treatment for unsecured creditors. It would be informative to the reader to have some estimate of what the distribution is projected to be for unsecured creditors pursuant to the Debtor's plan.

3. On page 35, the Liquidation Analysis states the "Fair-Market Values" of assets and the "Liquidation Values" for those

       assets. Under "Fair-Market Values," there are line items for "Anticipated Insurance Proceeds" in the amount of $491,000.00, and "Inventory" in the amount of $184,405.00. Neither of these line items, which constitute the largest assets of the Debtor shown on the Liquidation Analysis, are reflected as having any value under the column, "Liquidation Values." The Debtor's Liquidation Analysis does not explain why those assets are shown as having no value in a liquidation, and there is no discussion of any assumptions made by the Debtor in reaching those conclusions. There needs to be an explanation to the reader as to what those assets consist of, and why the Debtor assumes that they would produce a zero value upon liquidation.

4.      Although the disclosure statement contains projections of future operations for the Debtor's post-confirmation, it does not inform the reader of what assumptions the Debtor made in preparing the projections with respect to sales and expenses. There needs to be some discussion of the assumptions that the Debtor made in preparing its projections.

**IT IS HEREBY ORDERED** that the Court will not grant preliminary approval to the Debtor's disclosure statement unless the items identified in this order are addressed in an amended disclosure statement. The Debtor must file an amended combined plan and disclosure statement addressing the items identified in this order no later than **February 26, 2010**.

**IT IS FURTHER ORDERED** that upon the Debtor's filing of an amended combined plan and disclosure statement that addresses the items identified in this order, the Court will consider granting preliminary approval to the Debtor's amended disclosure statement so that the case may proceed to the confirmation hearing and hearing on final approval of the disclosure statement on the presently scheduled hearing date of **April 16, 2010 at 11:00 a.m.**

```
Signed on February 16, 2010
                                        /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge
```